IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 FEB -4 PM 3: 10
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of REVERE CONTROL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORTH ALABAMA ELECTRIC, INC. and ATLANTIC ALLIANCE FIDELITY & SURETY COMPANY, <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br> CV-04-H-0230-S |

## COMPLAINT

COMES NOW Plaintiff, United States of America for the use of Revere Control Systems, Inc., and files this its Complaint against Defendants above-named and would show unto the Court the following:

1. Revere Control Systems, Inc. ("Revere"), Use Plaintiff herein, is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located in Birmingham, Alabama.

2. Defendant North Alabama Electric, Inc. (hereinafter referred to as "Defendant Contractor") is, upon information and belief, a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located in Decatur, Alabama.

3. Defendant Atlantic Alliance Fidelity & Surety Company (hereinafter referred to as "Defendant Surety") is, upon information and belief, a New Jersey corporation engaging in the business of executing surety bonds in the State of Alabama, with its principal office and place of business located in New Jersey.

1198214

4. This action arises, and the Court has jurisdiction, under the "Miller Act", 40 U.S.C. § 270a through 270d.

5. Defendant Contractor entered into a written contract with the Department of Veterans Affairs (the "VA") to furnish labor and materials to perform the electrical switchgear maintenance work at the VA Hospital in Birmingham, Alabama, pursuant to Contract No. V521C-659, for consideration in excess of $25,000.00 (the "General Contract").

6. In December of 2001, pursuant to the terms of the General Contract, Defendant Contractor, as principal, and Defendant Surety, as surety, executed and delivered to the VA their bond, conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the General Contract.

7. On or about December 17, 2001, Use Plaintiff and Defendant Contractor entered into a purchase order agreement (the "Purchase Order") whereby Use Plaintiff agreed to provide all labor, material, and supervision to perform the PLC retrofit work required for the construction project under the General Contract between Defendant Contractor and the VA. A copy of the Purchase Order is attached hereto as Exhibit "A".

8. Use Plaintiff has furnished all labor, materials, and supervision required under the terms of the Purchase Order. The reasonable and agreed-upon value of such labor, materials, and supervision, not including sales tax, was and is $92,128.00.

9. On or about May 29, 2002, Use Plaintiff submitted its invoice to Defendant Contractor for the amount of labor, materials, and supervision supplied to the construction project, including sales tax, in the amount of $99,498.24. A copy of Use Plaintiff's invoice is attached hereto as Exhibit "B". Defendant Contractor has paid $70,000.00 of such amount, leaving a principal balance due of $29,498.24.

10. Notwithstanding Use Plaintiff's demands for payment, such balance has not been paid by Defendant Contractor to Use Plaintiff, and there is now justly due and owing to Use Plaintiff the principal sum of $29,498.24, plus interest and attorneys' fees.

## COUNT I

11. Use Plaintiff incorporates by reference each prior allegation hereof.

12. Defendant Contractor breached the terms of its Purchase Order agreement with Use Plaintiff in various respects including, without limitation, its failure and/or refusal to make payment in full to Use Plaintiff for amounts due for labor, materials, and supervision furnished as described above.

13. The date on which the last labor was performed and equipment supplied to the Defendant Contractor by the Use Plaintiff was in February of 2003. A period of more than ninety (90) has elapsed since such date, and Use Plaintiff has not been paid in full for the labor, materials, and supervision furnished to Defendant Contractor.

14. All conditions precedent for the maintenance of this action have been performed or have occurred.

WHEREFORE, PREMISES CONSIDERED, the United States of America on behalf of and for the use of Revere Control Systems, Inc., requests judgment against Defendants North Alabama Electric, Inc., and Atlantic Alliance Fidelity & Surety Company for the sum of $29,498.24, together with interest, attorneys' fees, and costs of this action.

## COUNT II

15. Use Plaintiff incorporates by reference each prior allegation hereof.

16. Defendants have failed to comply with the applicable provisions of the Prompt Payment Act, 31 U.S.C. § 3901, *et seq.*

WHEREFORE, PREMISES CONSIDERED, the United States of America on behalf of and for the use of Revere Control Systems, Inc., requests judgment against Defendants North Alabama Electric, Inc., and Atlantic Alliance Fidelity & Surety Company pursuant to 31 U.S.C. § 3901, *et seq.*, for all sums as may be found due by the Court. Use Plaintiff further prays for such other different relief as this Court may consider appropriate under the circumstances.

### COUNT III

17. Use Plaintiff incorporates by reference each prior allegation hereof.

18. The reasonable value of labor, materials, and supervision furnished by Use Plaintiff to Defendant Contractor is $99,498.24. Defendant Contractor has failed and/or refused to make payment in full to Use Plaintiff for the reasonable value of such labor, materials, and supervision.

19. By failing and/or refusing to make payment in full to Use Plaintiff for the reasonable value of the labor, materials, and supervision furnished to Defendant Contractor, the Defendant Contractor has been unjustly enriched thereby.

WHEREFORE, PREMISES CONSIDERED, the United States of America on behalf of and for the use of Revere Control Systems, Inc., requests judgment against Defendants North Alabama Electric, Inc., and Atlantic Alliance Fidelity & Surety Company for the reasonable value of the labor, materials, and supervision furnished by Use Plaintiff to Defendant Contractor, as determined by the Court. Use Plaintiff further prays for such other different relief as this Court may consider appropriate under the circumstances.

*[signature]*
William S. Fishburne, III (FISHW9637)
L. Griffin Tyndall (TYNDL4131)

Attorneys for Plaintiff
UNITED STATES OF AMERICA FOR THE USE OF REVERE
CONTROL SYSTEMS, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100


**PLAINTIFF'S ADDRESS:**

Revere Control Systems, Inc.
2240 Rocky Ridge Road
Birmingham, Alabama 35216

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

North Alabama Electric, Inc.
c/o John Anthony Sanders, Reg. Agent
2042 Beltline Road SW
Decatur, Alabama 35602

Atlantic Alliance Fidelity & Surety Company
c/o Ben Watson, Reg. Agent
15 Office Park Circle
Suite 115
Birmingham, Alabama 35223

12/21/2001  12:25   2563505058           NO AL ELECTRIC                    PAGE 02/02

# NORTH ALABAMA ELECTRIC, INC.

P.O. BOX 1824
DECATUR, AL. 35602
256-350-5057
FAX: 256-350-5058

# PURCHASE ORDER

B084500

**TO:**
REVERE CONTROL SYSTEMS
2240 Rocky Ridge Road
Birmingham, AL. 35216

**P.O. NUMBER** 11210
**P.O. DATE** Dec 17, 2001
**REQUISITIONED BY** JOHN SANDERS
**SHIP BY**
**SHIP VIA**
**F.O.B.**
**TERMS** NET 30

**SHIP TO:**
V.A. Medical Center
700 South 19th Street
Birmingham, Al. 35233

*Purchase order number must appear on all forms relating to this order.*

| QTY | UNIT | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | | Provide all labor, material and supervision for the PLC retrofit at the V. A. Hospital in Birmingham. Reference your quotation number: 011025PLP1-R1 | 92,128.00 | 92,128.00 |
| | | REVISION R3 | | |

**ADDRESS CORRESPONDENCE TO:**

NORTH ALABAMA ELECTRIC, INC.
P.O. BOX 1824
DECATUR, AL. 35602

| | |
|---|---|
| SUBTOTAL | 92,128.00 |
| FREIGHT | |
| TAX RATE | |
| TAX | |
| **TOTAL DUE** | **$92,128.00** |

*John Sanders* (signature)

**EXHIBIT A**



# Revere Control Systems

2240 ROCKY RIDGE ROAD • BIRMINGHAM, ALABAMA 35216
PHONE: (205) 824-0004 • FAX: (205) 824-0408

**Invoice**

No. B0845-01
Date 5-29-02

Sold To: North Alabama Electric, Inc.
P.O. Box 1624
Decatur, AL 35602

Shipped to: *

| Your Order No. | Our Order No. | Salesman | | |
|---|---|---|---|---|
| 11210 | B084500 | L. Parker | | |
| Date Shipped | Shipped VIA | F.O.B. | Terms | |
| * | * | Birmingham, AL | Net 30 days | |

| Quantity Ordered | Quantity Shipped | Pallet # | Stock Number/Description | Price | Per | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | | PLC Retrofit at the VA Hospital in Birmingham, AL | 92,128 00 | ea | 92,128 00 |
| | | | Subtotal | | | 92,128 00 |
| | | | Sales tax | | | 7,370 24 |
| | | | Invoice total | | | 99,498 24 |

*Equipment is in storage at RCS facility per customer request.

PARTIAL ☐   COMPLETE ☐

TERMS: A late charge of 1½% per month shall be added to all amounts not received within thirty (30) days after shipment. Buyer agrees to pay all costs and expenses of Seller, including collection expenses and court costs, for securing payments due and/or resolving disputes under this contract.

EXHIBIT B

**Original Invoice**